**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Gerson Alvarado-Veliz,**<br>Petitioner<br>-vs-<br>**Katrina Kane,**<br>Respondent | CV-07-2505-PHX-JAT (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241 and**<br>**Motion to Hold in Abeyance** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Federal Eloy Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 10, 2007 (#1), challenging his continued detention pending removal proceedings. On May 9, 2007 Respondents filed their Response (#9). Despite requesting (#10) and obtaining (#11) an extension o of time to do so, Petitioner has not replied.

On August 26, 008, Respondents filed a Motion to Hold in Abeyance (#12), seeking a stay of proceedings until October 3, 2008, to allow a determination whether Petitioner was entitled to a bond redetermination. Petitioner has not responded.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Petitioner, a native and citizen of Guatemala, was determined to be an inadmissible

alien, and was removed from the United States on November 5, 2001. (Exhibit 1, Record of Alien; Exhibit 2, Notice to Appear; Exhibit 3, IJ Order 8/15/01; Exhibit 4, Warrant of Removal.) (Exhibits to the Response, #9, are referenced herein as "Exhibit ___.")

On or about August 4, 2002, Petitioner re-entered the United States without inspection. (Exhibit 5, Notice to Appear.) On or about August 4, 2005, Petitioner was encountered by immigration officials and the Los Angeles County Jail. (Exhibit 7, Record of Alien.) Petitioner was served with a Notice to Appear (*id.*) charging him with being removable.

Petitioner was also served with a Notice of Custody Determination (Exhibit 6), directing that Petitioner be held without bond, and advising of his right to seek review of that determination by an immigration judge. Petitioner indicated he was not seeking such review. (*Id.*) Subsequently, however, Petitioner did seek such review, and was ordered released upon $50,000 bond. (Exhibit 8, Order.)

### B. PROCEEDINGS BEFORE IMMIGRATION COURT

Petitioner appeared before the Immigration Court on August 31, 2005, admitted to being a Guatemalan, his prior removal, and his removability. He requested removal to Mexico or Canada, which was denied because they are contiguous countries and Petitioner had no ties to them. Petitioner expressed a fear of persecution in Guatemala, and requested asylum and various other relief from removal. (Exhibit 9, R.T. 8/31/05.) Ultimately, on December 7, 2005, the immigration judge entered an order directing Petitioner removed, denying asylum or withholding of removal under the statutes, but ordering withholding of removal to Guatemala under the United Nations Convention Against Torture. (Exhibit 10, Order 12/7/05.)

### C.  PROCEEDINGS BEFORE BOARD IMMIGRATION APPEALS

The government appealed the immigration judge's order, arguing that Petitioner had failed to show a likelihood of torture. (Exhibit 12, Opening Brief.)   The Board of

Immigration Appeals ("BIA") agreed, and some six moths later, on June 22, 2006 denied Petitioner's application for withholding of removal under the Convention Against Torture, and remanded to the immigration court for entry of a removal order.  (Exhibit 13 BIA Decision.)

### D.  PROCEEDINGS ON REMAND TO IMMIGRATION COURT

On July 18, 2006, the immigration judge ordered Petitioner removed to Guatemala. (Exhibit 14, Order 7/18/06.)

### E.  PROCEEDINGS BEFORE BIA ON PETITIONER'S APPEAL

Petitioner appealed the order of removal, arguing that he was statutorily entitled to withholding of removal under 8 U.S.C. § 1231 on account of persecution.  That appeal was dismissed on October 24, 2006.  (Exhibit 15, BIA Decision.)

### F.  PROCEEDINGS BEFORE NINTH CIRCUIT

On November 20, 2006, Petitioner appealed the BIA decision to the Ninth Circuit Court of Appeals, and a temporary stay of removal was entered.  Petitioner moved for a stay of removal pending resolution of the appeal, which was granted on March 26, 2007. Eventually, the appeal was dismissed on March 18, 2007.   (Exhibit 16, 9th Cir. Docket.)

### G.  PROCEEDINGS BEFORE BIA ON MOTION TO REOPEN

On January 22, 2007, Petitioner moved to reopen the immigration proceedings on the basis of changed circumstances.  That request was denied by the BIA on March 13, 2007. (Exhibit 23, BIA Dec..)

On or about February 29, 2008, after the filing of this habeas proceeding, the Government moved to reopen Petitioner's removal proceedings on the basis that the immigration judge (because of his original grant of relief under the Convention Against Torture), had failed to adequately advise Petitioner of his rights to appeal the denial of

asylum and statutory withholding of removal. (Exhibit 19, Motion.) On March 5, 2008, the BIA granted the motion and reopened the proceedings. (Exhibit 20.) The matter was scheduled for a hearing in Immigration Court on September 8, 2008. (Response, #9 at 3-4.) Those proceedings apparently remain pending.

### G.  DETENTION PROCEEDINGS

**Pre Final Order Detention** - Petitioner has been detained since August 4, 2005. (Exhibit 6.) On August 17, 2005, the immigration judge entered an order granting Petitioner release upon $50,000 bond. (Exhibit 8.) However, Petitioner never posted bond.

**Post Final Order Detention** - During the pendency of Petitioner's judicial appeal, on February 1, 2007, U.S. Immigration and Customs Enforcement ("ICE") issued a Decision to Continue Detention (Exhibit 25) directing that Petitioner be held without bond.

Petitioner again sought review of his detention status. The immigration court reviewed Petitioner's detention status, and on September 7, 2007 (Petition, #1 Exhibits, IJ Order 9/7/07) and again on October 11, 2007 (Exhibit 17, IJ Mem. Dec.), and again ordered Petitioner released upon $50,000 bond. Petitioner appealed that decision. (Petition, #1, Exhibits, Appeal.) The BIA determined on November 20, 2007, that the entry of an administratively final order of removal precluded the immigration court and the BIA from granting a release on bond. (Exhibit 18, BIA Dec.)

This left Petitioner subject to the February 1, 2007 administrative determination (Exhibit 25) that he be held without bond.

**Detention Upon Re-Opening** - On March 25, 2008, following the re-opening of his removal proceedings and after the institution of this habeas proceeding, Petitioner filed a Motion for a Custody Redetermination (Exhibit 21). On March 25, 2008, the immigration court denied Petitioner's request for release on bond. (Exhibit 22.) On March 31, 2008, Petitioner filed a Notice of Appeal (Exhibit 24), challenging the IJ's denial of a custody redetermination. (Exhibit 24.) That appeal apparently remains pending. (Response, #9 at 4.)

- 4 -

On April 2, 2008, ICE again issued a "Decision to Continue Detention" (Exhibit 26), directing that Petitioner be held without bond.

### E.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced this proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 10, 2007 (#1).  Ground One of the Petition argues that the amount of the bond is excessive because Petitioner is unable to meet it.  Ground Two of the Petition argues that the BIA erred when it found Petitioner ineligible for bond on November 20, 2007, because his removal order was administratively final.

**Response** - On May 9, 2007 Respondents filed their Response (#9).  Respondents do not directly address Petitioner's argument that the bond is excessive or that the BIA's November 20, 2007 was erroneous.  Instead, Respondents argue *inter alia* that Petitioner is properly held under 8 U.S.C. § 1226(a), and that the length of Petitioner's detention does not raise due process concerns.  Respondents further argue that Petitioner's claims are not exhausted  because the March 25, 2008 bond order is still on review by the BIA.

**Reply** - Despite requesting (#10) and obtaining (#11) an extension of time until July 7, 2008 to do so, Petitioner has not replied.

**Motion to Hold in Abeyance** - On August 26, 2008, Respondents filed a Motion to Hold in Abeyance (#12), seeking a stay of proceedings until October 3, 2008, to allow a determination whether Petitioner was entitled to a bond redetermination.  Petitioner has not responded.

### III. APPLICATION OF LAW TO FACTS

### A.  PETITION MOOT

A case is moot if it does not satisfy the case-or controversy requirement of Article III, § 2, of the Constitution.  *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The case-or controversy requirement demands

that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

In Ground One of the Petition, Petitioner argues that the amount of the bond ordered by the immigration judge was excessive because Petitioner is unable to meet it. A determination by this Court that the amount was excessive would provide no relief to Petitioner. The immigration judge's order was "vacated as moot" by the BIA's November 20, 2007 order (Exhibit 18). Petitioner's current detention is pursuant to the new orders issued upon the reopening of Petitioner's removal proceedings. (Exhibit 22, IJ Order 3/25/08; Exhibit 26, ICE Dec. 4/2/08). Those orders do not provide for any amount of bond. (*Id.*) Thus, any finding by this Court that the prior bond amount was excessive would not effect any release of Petitioner.

In Ground Two, Petitioner argues that the BIA erred when it found Petitioner ineligible for bond on November 20, 2007 (Exhibit 18), because his removal order was administratively final. Since then, however, Petitioner's immigration proceedings have been re-opened (Exhibit 20, BIA Order 3/5/08), and new orders on Petitioner's custody have been issued (Exhibit 22, IJ Order 3/25/08; Exhibit 26, ICE Dec. 4/2/08). Here, a determination in favor of Petitioner on the validity of the BIA's 2007 decision would not result in his release, nor any other relief grantable by this habeas court. Such a decision would merely be advisory as to the validity of Petitioner's prior detention.

In response to the Petition, Respondents address a variety of arguments never raised by Petitioner, *e.g.* length of detention as a violation of substantive due process, procedural due process, etc. However, Petitioner asserts no such claims in his Petition. At most, Petitioner mentions in his supporting facts that his August 22, 2007 request for custody redetermination argued his prolonged detention. (Petition, #1 at 4, ¶ (a)(4).) While the Court

is obligated to liberally construe Petitioner's *pro se* petition, *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003), the Court cannot insert claims for relief simply because they are in vogue among immigrant habeas petitioners.

Accordingly, Petitioner's Petition should be dismissed as moot.

### B. FAILURE TO EXHAUST

Respondents argue that Petitioner's pending appeals to the BIA demonstrate that he has failed to exhaust his administrative remedies. Ordinarily, an immigration habeas petitioner is required to exhaust available remedies before pursuing a claim on habeas, as a matter of judicial prudence. *Castro-Cortez v. I.N.S.*, 239 F.3d 1037 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A prudential exhaustion requirement may also be applied where: "(1) agency expertise requires the agency to develop a proper record; (2) relaxation of the exhaustion requirement would encourage deliberate bypass of the administrative scheme; and (3) administrative review would allow the agency to correct its own mistakes." *El Rescate Legal Services, Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 747 (9th Cir. 1991).

Here, however, the bond orders which Petitioner challenges have been appealed by Petitioner, resulting in a reversal by the BIA. Accordingly, as to those orders, Petitioner has exhausted.

Conversely, it might be argued that Petitioner should be granted leave to amend to assert challenges to his new detention orders. However, based on the record before the Court, it appears that such challenges would be unexhausted because they remain on review before the BIA. Thus, any such amendments would appear futile. *See Caswell*, 363 F.3d at 837-838 (denial of leave to amend habeas petition proper where amendment futile).

### C. MOTION TO HOLD IN ABEYANCE

Respondents have moved (#12) to hold this matter in abeyance pending Petitioner's exercise of an opportunity to have his detention reviewed by the immigration court.

1  Petitioner has not responded.

2  In light of the determination that the Petition is moot, this motion should be denied
3  as moot.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed December 10, 2007 (#1) be **DISMISSED** as moot.

**IT IS FURTHER RECOMMENDED** that the Respondent's Motion to Hold in Abeyance, filed August 26, 2008 (#12) be **DENIED** as moot.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: September 26, 2008

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\07-2505-001 RR 08 09 19 re HC.wpd